**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

MICHAEL CHARLES NOLEN,
ADC # 131094                                                                                          PLAINTIFF

V.                                              1:10-cv-00006-JLH-JJV

J. HALPERN, Grimes Unit, Arkansas Department of
Correction; BRENDA BRIDGEMAN, Mental Health,
Grimes Unit, Arkansas Department of Correction;
CARTER, Sgt., Grimes Unit, Arkansas Department
of Correction; McCLOUD, Ms., Store Clerk,
Grimes Unit, Arkansas Department of Correction;
and HEIR, Maj., Grimes Unit, Arkansas Department of Correction        DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Chief Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, an inmate at the Arkansas Department of Correction Grimes Unit, filed a *pro se* Complaint (Doc. No. 2) pursuant to 42 U.S.C. § 1983, and now, at the direction of the Court, an Amended Complaint (Doc. No. 11). After carefully reviewing Plaintiff's allegations in his Complaints, in accordance with its screening function under 28 U.S.C. § 1915A, the Court recommends the claims be dismissed for failure to state a claim, and that dismissal of this action constitute a "strike" under 28 U.S.C. § 1915(g).

**I.     SCREENING**

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted;

or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(A)(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In reviewing a *pro se* complaint under § 1915(e)(2)(B), the court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  The court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  But regardless whether a plaintiff is represented or appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F .2d 1334, 1337 (8th Cir. 1985).

Following the United States Supreme Court's recent opinion in *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937 (2009), to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. at 1950, citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly* at 556.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." *Id*. at 545-46.

**II.    ANALYSIS**

Plaintiff's original Complaint (Doc. No. 2) alleges a variety of claims including: prison employee, J. Halpern, drew his blood and she is not a certified nurse's assistant; Major Heir was not responsive to his request for protective custody status and in adding another inmate to his "enemy alert list;" and that his "legal mail" was not properly mailed out for him by the unit.

After reviewing the initial Complaint, the Court notified Plaintiff that his claims did not identify any actual injury that could support a cognizable § 1983 action and ordered that he submit an amended complaint. (Doc. No. 9). Plaintiff filed an Amended Complaint (Doc. No. 11) and has added new claims including: the prison food provided to inmates in isolation is inadequate; his mail has been tampered with; he has been subjected to excessive force; Ms. McCloud, the inmate store clerk, took money from his account; prison officials have made him engage in physical work that is beyond his abilities; and that he was left in the shower for longer than the regulations permit.

Although Plaintiff did file an Amended Complaint as ordered, a cognizable complaint under 42 U.S.C. § 1983 requires an allegation of a violation of a right secured by the Constitution or the laws of the United States, and that the violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Walker v. Reed*, 104 F.3d 156, 157-158 (8th Cir. 1997).

Here, Plaintiff has failed to allege claims showing unconstitutional conduct on the part of these Defendants resulting in actual injury. *See Beck v. LaFleur*, 257 F.3d 764, 766 (8th Cir. 2001) (citing *Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999) (prisoner must allege a defendant's personal involvement or responsibility for constitutional violation to state a claim under 42 U.S.C. § 1983)).

While Plaintiff has alleged that he suffered from emotional harm, the PLRA provides that no relief is available to prisoners whose alleged mental or emotional injuries are unrelated to

4

physical injury. "No federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody, *without a prior showing of physical injury*." 42 U.S.C. § 1997e(e)(emphasis added). Therefore, Plaintiff's Complaint and Amended Complaint fail to state a claim upon which relief may be granted.

In addition, Plaintiff's Complaint and Amended Complaint fail to comport with Rule 8(a)(2) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires Plaintiff to allege something more than simply expressing a desire for relief and declaring an entitlement to it. *See Twombly*, 550 U.S. at 555 n. 3. The complaint must state enough to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89 (2007)(quoting *Twombly*, *id.*). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, *supra*, (quoting *Twombly*, *supra* at 555-556). Although this Court has attempted to give Plaintiff the benefit of the doubt, his Complaint and Amended Complaint are frivolous and fail to meet the limited requirements of Rule 8(a)(2). Therefore, this action should be dismissed.

### III. CONCLUSION

IT IS THEREFORE RECOMMENDED that:

1. This action be DISMISSED and all pending motions be denied as moot;

2. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g)[1];

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

---

[1] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."

DATED this 10th day of May, 2010.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE